Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| **SUCESIÓN DE CYNTHIA ELENA DE CORO HERNÁNDEZ** EVELIO PINA PÉREZ[1] PETICIONARIA EX PARTE | TA2025CE00485 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan Caso Núm. K DI2006-0138 Sobre: Divorcio |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 3 de octubre de 2025.

El 22 de septiembre de 2025 comparece ante nos la Sucesión de Cynthia Elena del Coro Hernández compuesta por compuesta por Danny Benmuhar Hernández, Carmen Josefina Del Coro Rodríguez, Rafael Remigio Del Coro Rodríguez y Rafael Antonio Del Coro Rodríguez (en adelante "Sucesión o Peticionaria") mediante un Recurso de Certiorari y una *Moción Urgente en Auxilio de Jurisdicción* y nos solicita la revisión de dos órdenes emitidas los días 21 y 25 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante el TPI).

I.

La génesis de los hechos de este caso surge con la presentación de una *Demanda* de Divorcio instada por Cynthia Elena del Coro Hernández (en adelante señora Del Coro Hernández) y Evelio Pina Pérez bajo (en adelante señor Pina Pérez) el número K DI2006-0138. El 3 de febrero de 2006 las partes presentaron una *Moción Urgente Sometiendo los Acuerdos y Estipulaciones*. Entre los convenios alcanzados entre las partes, surge como se iba a realizar

---

[1] Para efectos del recurso ante el Tribunal de Apelaciones, Evelio Pina Pérez, es la parte recurrida.

la división de los bienes muebles e inmuebles. Las partes acordaron en su moción que durante su matrimonio estos adquirieron cuatro propiedades. Conforme a los acuerdos, el Apartamento localizado en la Avenida Ponce de León #1001, Condominio Victory Garden, Apartamento 4, San Juan, Puerto Rico sería a favor de Cynthia Elena del Coro Hernández, y el cual sería saldado en su totalidad por Evelio Pina Pérez. Las partes se comprometieron a que, una vez saldas las propiedades, otorgarían las correspondientes escrituras públicas que le permitía las transferencias de las propiedades conforme lo habían pactado. En la misma fecha de presentado el escrito, el TPI aprobó las estipulaciones suscritas por las partes y dictó Sentencia incorporando sus términos.

Posteriormente, el 9 de mayo de 2025, mediante una *Moción Asumiendo Representación Legal, Sustitución de Parte y Otros Remedios*, se informó que la señora Cynthia Elena del Coro Hernández había fallecido el 23 de mayo de 2019. Fue anejado a esta moción la Resolución emitida en el caso SJ2021CV01692 sobre Declaratoria de Herederos, que establece que los herederos de la señora Del Coro Hernández son sus hermanos Danny Benmuhar Hernández, Carmen Josefina Del Coro Rodríguez, Rafael Remigio Del Coro Rodríguez y Rafael Antonio Del Coro Rodríguez. Se arguyó que previo al fallecimiento de la señora Del Coro Hernández, las partes no otorgaron la correspondiente escritura para el traspaso de la propiedad inmueble localizada en el Condominio Victory Gardens, y que luego del fallecimiento de esta, el señor Pina Pérez se ha reusado a firmar dicha escritura.

El 4 de junio de 2025, el representante legal de la Sucesión presentó una *Moción en Cumplimiento de Orden y Solicitud de Permiso para Ejecutar Sentencia*. Alegan que han realizado gestiones infructuosas con Evelio Pina Pérez para su compareciera a la firma de la escritura para el traspaso de la propiedad, no obstante, este

alegaba que la causante le debía un dinero y que había surgido una novación. Sin embargo, manifestó que el señor Pina Pérez nunca presentó documentación o alguna evidencia para sustentar su alegación.

Ante la solicitud de la parte peticionaria, el TPI emitió una orden concediéndole un término al señor Pina Pérez para exponer posición. El 1 de julio de 2025, el señor Pina Pérez radicó un escrito en oposición a la solicitud para ejecutar la sentencia. En esencia, arguyó que desde el 2006, la causante Cynthia Elena del Coro Hernández y este, actuaron y se comportaron de forma distinta e incompatible a los acuerdos y estipulaciones suscritos el 3 de febrero de 2006. Alegó que hubo una novación y que no procedía la ejecución de la sentencia.

Ante ello, el 2 de julio de 2025 el foro primario emitió una Orden señalando una vista evidenciaria para el 26 de agosto de 2025.

El 3 de julio de 2025, la Sucesión radicó una *Réplica A Moción en Oposición a Solicitud para Ejecutar Sentencia.* Negó que, entre la causante y el peticionario, señor Pina Pérez, haya ocurrido una novación de los acuerdos de divorcio. Aseveró que, el poder otorgado por la causante a favor del señor Pina Pérez fue solamente para que este la ayudara mientras ella se mudaba a Puerto Rico. Manifestó que las partes refinanciaron la propiedad debido a que la responsabilidad del pago de la hipoteca recaía en el señor Pina Pérez y este necesitaba bajar el pago mensual. Alegó que el consentimiento de la causante a dicho refinanciamiento fue por este ser requerido y no constituía una novación de los acuerdos.

El TPI emitió una Orden del 7 de julio de 2025 disponiendo: "*Véase Orden del 2 de julio de 2025, señalando vista*".

El 7 de julio de 2025, la Sucesión radicó *Moción Complementaria a Réplica a Moción en Oposición a Solicitud para*

*Ejecutar Sentencia,* mediante la cual reiteró su solicitud para que se ordene el traspaso del título de la propiedad en el Condominio Victory Gardens a favor de la Sucesión. El TPI resolvió la moción instada por la Sucesión indicando que ya se había señalado una vista para atender dicho asunto, por lo que no dispondría de nada más por el momento.

El 20 de agosto de 2025, la Sucesión instó un escrito titulado *Moción Urgente en Protección del Debido Proceso de Ley.* En síntesis, la Sucesión cuestionó la celebración de una vista evidenciaria sin conocer la prueba que será utilizada y sin haber realizado un descubrimiento de prueba. Reiteró que en el caso existe una sentencia final y que lo único que tiene el tribunal ante su consideración es la solicitud de ejecución de sentencia. Argumentó que una sentencia final no es susceptible de novación y que no procede la celebración de un nuevo juicio o vista evidenciaria. En su consecuencia, solicitó la conversión de la vista evidencia a una vista argumentativa para atender la solicitud de ejecución.

El 20 de agosto de 2025, el señor Pina Pérez solicitó la conversión de la vista del 26 de agosto de 2025 en una sobre el estado de los procedimientos debido a una condición de salud de este.

El TPI emitió una orden el 21 de agosto de 2025, denegando la Moción Urgente en Protección del debido proceso de Ley instada por la Sucesión y la Moción solicitando transferencia de la vista evidencia por incumplimiento con la Regla 8.5 de Procedimiento Civil.

La Sucesión solicitó el 25 de agosto de 2025 la reconsideración de la denegatoria, arguyendo que el tribunal carece de facultad para reabrir un caso que tiene sentencia final y firme desde el 2006. Aseveró que el realizar una vista evidenciaria que conlleve una determinación en los méritos es un acto *ultra vires* y que cualquier

reclamación del señor Pina Pérez debe ser dilucidado en un pleito independiente.

En esa misma fecha, las partes presentaron una *Moción Conjunta en Cumplimiento de Orden*, sugiriendo fechas alternas para la celebración de la vista evidenciaria.

Así las cosas, el TPI emitió una Orden el 25 de agosto de 2025 en la cual resolvió lo siguiente:

1) Moción urgente de Reconsideración y en Protección del debido proceso… Orden: No procede una segunda solicitud de reconsideración en nuestro ordenamiento jurídico. Aténgase a lo ya resuelto.

2) Moción Conjunta en Cumplimiento de Orden…

    Orden: Se transfiere la vista para el 14 de octubre de 2025, a las 9:00a.m., de manera presencial.

Posteriormente, y a solicitud de las partes, el 28 de agosto de 2025 se emitió una orden transfiriendo la vista evidenciaria para el 16 de octubre de 2025, a las 9:00 a.m. de manera presencial.

En desacuerdo con la determinación, la parte peticionaria señaló que el foro primario cometió el siguiente error:

**ERRÓ EL TPI AL ORDENAR LA CELEBRACION DE UNA VISTA EVIDENCIARIA EN CASO CON SENTENCIA FINAL Y FIRME, EN TOTAL AUSENCIA DE FUNDAMENTO JURIDICO PARA SU CELEBRACION, EN ABSOLUTO DESCONOCIMIENTO DE TESTIGOS O PRUEBA CON LA QUE LA AQUÍ PETICIONARIA HABRA DE SER CONFRONTADA, LO QUE CONSTITUYE PARA TODO EFECTO PRACTICO UNA EMBOSCADA PROCESAL, QUE LE COLOCA EN ESTADO DE INDEFENSION Y VIOLENTA SU DERECHO CONSTITUCIONAL AL DEBIDO PROCESO DE LEY Y LA EXPONE A RELITIGAR ASUNTOS YA RESUELTOS EN UNA SENTENCIA FINAL Y FIRME QUE DATA DEL AÑO 2006.**

El 26 de septiembre de 2025, el recurrido, señor Pina Pérez, presentó su *Oposición a Moción en Auxilio de Jurisdicción y al Recurso de Certiorari.*

El 29 de septiembre de 2025, emitimos una Resolución ordenando la paralización de los procedimientos en el foro recurrido. Con el beneficio de los escritos de ambas partes, procedemos a disponer.

II.

**A. Certiorari**

El recurso de certiorari es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209*; IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón v. Srio de Justicia*, 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372 (citando a Negrón v. Srio. De Justicia, supra; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016).

Con el fin de que podamos ejercer de manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de certiorari, la Regla 40 del Reglamento del Tribunal de Apelaciones nos señala los criterios que debemos considerar al atender una solicitud de

expedición de un auto de certiorari. En lo pertinente, la Regla 40 dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, Derecho Procesal Apelativo, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de

alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular,* 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986)).

### B. Deferencia Judicial

Es doctrina reiterada que los jueces de instancia gozan de amplia discreción y flexibilidad en el manejo cotidiano y la tramitación de los asuntos que se ventilan ante sus salas. *BPPR v. SLG Gómez-López,* supra, pág. 334; *In re Collazo* I, 159 DPR 141, 150 (2003); *Vives Vázquez v. ELA,* 142 DPR 117, 141 (1996). La deferencia a su criterio responde al principio de que los tribunales apelativos no deben sustituir ni dirigir la conducción del trámite ordinario de los casos que corresponden al foro primario. *BPPR v. SLG Gómez-López, supra,* citando a *Mejías Montalvo v. Carrasquillo Martínez,* 185 DPR 288, 306-307 (2012). Como es sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para adoptar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final. Id.

En consecuencia, la norma general dispone que los foros apelativos no intervendrán en la discreción de los foros primarios, salvo que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. *BPPR v. SLG Gómez-López, supra,* pág. 334; *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 273 (2021). El uso adecuado de esa discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *BPPR v. SLG Gómez-López, supra,* pág. 335; *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013); *Rivera Durán v. Banco Popular,* 152 DPR 140, 155 (2000).

No obstante, la deferencia cede cuando se acredita que el tribunal incurrió en un abuso de discreción, actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la

intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. *BPPR v. SLG Gómez-López, supra; Rivera et al. v. Arcos Dorados et al.*, supra, pág. 207. Por lo tanto, si en la solicitud ante nuestra consideración no concurren tales criterios y la actuación del foro primario cuenta con un fundamento razonable y no afecta derechos sustanciales de las partes, debe prevalecer el criterio del juez de instancia, quien es, a fin de cuentas, el llamado a dirigir el proceso. *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

### C. Debido proceso de ley

El debido proceso de ley se refiere al "derecho de toda persona a tener un proceso justo y con todas las garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo". *Marrero Caratini v. Rodríguez Rodríguez*, 138 DPR 215, 220 (1995).

La garantía del debido proceso de ley opera en dos vertientes distintas: la procesal y la sustantiva. La vertiente sustantiva del debido proceso de ley persigue proteger y salvaguardar los derechos fundamentales de las personas. *Landrau Cabezudo et al. v. Puertos et al.*, 2025 TSPR 7, 215 DPR ___, (2025); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 394 (2018); *Rivera Rodríguez & Co. v. Lee Stowell, Etc.,* 133 DPR 881, 887 (1993). Mientras que la vertiente procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y de propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo. *Landrau Cabezudo et al. v. Puertos et al., supra; Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 735-736 (2010); *Rivera Rodríguez & Co. v. Stowell Taylor, supra*, págs. 887-888

### III.

En el presente caso, la causante Cynthia Elena Del Coro Hernández y Evelio Pina Pérez se divorciaron por la causal de consentimiento mutuo para el 3 de febrero de 2006. Conforme surge

de la referida sentencia, las partes llegaron a unos acuerdos sobre como liquidar los bienes que componían la Sociedad Legal de Bienes Gananciales. En lo pertinente, las partes acordaron que el Apartamento número 4 localizado en la Avenida Ponce de León #1001, Condominio Victory Gardens, en San Juan sería adjudicado a la Sra. Cynthia Elena del Coro y que la hipoteca que gravaba dicho inmueble sería saldada en su totalidad por el señor Pina Pérez, incluyendo el seguro de cuenta. Igualmente, las partes acordaron el estar disponible para otorgar las correspondientes escrituras públicas para la transferencia del título de las propiedades según adjudicadas a tenor con los acuerdos y estipulaciones.

La señora Cynthia Elena del Coro Hernández falleció el 23 de mayo de 2019 en el estado de Georgia, sin haber otorgado la correspondiente escritura pública para el traspaso del título del inmueble en controversia.

Así las cosas, la Sucesión de Cynthia Elena del Coro Hernández solicitó para el 9 de mayo de 2025 la ejecución de la sentencia de divorcio y que se le ordenara al señor Pina Pérez que compareciera a la escritura de cesión de derechos para la adjudicación del inmueble a nombre de la sucesión. Sin embargo, este se opuso a la solicitud de ejecución de sentencia argumentando que entre la causante y él había ocurrido una novación de los acuerdos, luego de dictada la sentencia de divorcio.

A esos efectos, el TPI ordenó la celebración de una vista evidenciaria. Ahora bien, la Sucesión arguye que el foro primario erró al ordenar la celebración de una vista evidenciaria cuando el caso tiene una sentencia final y firme que data del 2006 y sin que la parte peticionaria conozca que prueba documental y testifical que utilizará el señor Pina Pérez para establecer la novación.

Como expresamos anteriormente, el señor Pina Pérez se opuso a la solicitud de ejecución de sentencia bajo el fundamento de que

posterior a la sentencia de divorcio, hubo un cambio o modificación en los acuerdos alcanzados por la causante y este en el caso de divorcio. Dicho planteamiento constituye una defensa del señor Pina Pérez ante la solicitud de la Sucesión de que se le ordenara a este, como parte de un procedimiento de ejecución de sentencia, que otorgara la escritura de liquidación de bienes gananciales para adjudicarle el bien inmueble a la Sucesión. Es por ello, que para que el foro primario este en condiciones de evaluar la procedencia de la defensa del señor Pina Pérez es necesario la celebración de una vista evidenciaria. No obstante, la parte peticionaria tiene el derecho de conocer con que prueba cuenta el señor Pina Pérez para demostrar dicha defensa. Igualmente, el debido proceso de ley requiere que se autorice un descubrimiento de prueba, de ser requerido, previo a la celebración de la vista evidenciaria.

En su consecuencia, concluimos que aun cuando el foro primario no cometió un error en señalar la vista evidenciaria para dilucidar la defensa de novación instada por el señor Pina Pérez; sí erró en denegar la solicitud de la parte peticionaria de celebrar una vista previa para conocer la prueba documental y testifical que utilizará el señor Pina Pérez.

IV.

Por los fundamentos antes expuestos, se expide el auto de *Certiorari* y se revoca la orden recurrida.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones